## In re FAGEOL.
### Patent Appeal No. 2717.

Court of Customs and Patent Appeals.
April 29, 1931.

Strauch & Hoffman, of Washington, D. C. (Jas. A. Hoffman and Wm. A. Strauch, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, denying patentability, in view of the prior art, of claims 4, 5, 6, 7, 8, 11, and 15 to 19, inclusive, and claims 21, 23, 24, 30, and 31 of appellant's application.

Claims 4, 11, 19, 23, and 31 are illustrative of the claims in issue, and read as follows:

"4. A road vehicle comprising a frame; a pair of substantially parallel axles disposed at one end of said frame; a pair of ground engaging wheels supporting each of said axles; springs interconnecting said axles and said frame; said springs being pivoted to the frame intermediate their ends and connected to said axles at their ends, the axes of said connections and pivot lying substantially in the same plane under normal load conditions whereby substantial rocking movement of the frame in a horizontal plane due to road irregularities is prevented."

"11. The combination as set forth in claim 8 together with brake and steering actuating members carried by said wheels independently of said frame; brake and steering control members carried by said frame; and connections between said frame and said wheel carried members compensating for the relative motion of said wheels with relation to said frame, said connections being made to said frame at points that are approximately in transverse alignment with the points of connection between the frame and springs."

"19. A road vehicle comprising a frame; a pair of axles at each end of said frame; means resiliently connecting said axles to said frame; dirigible wheels on one pair of said axles; non-dirigible wheels on said other pair of axles adjacent non-dirigible wheels on the same side of the vehicle being spaced so that their peripheries are relatively close together; resilient tires on said non-dirigible wheels; and means to simultaneously steer the dirigible wheels."

"23. A road vehicle comprising a frame, a plurality of axles supporting each end of said frame, springs interconnecting said frame and the axles at each end thereof in a manner permitting substantial swinging movement of said axles relative to spaced frame supported axes located substantially in the same horizontal plane, wheels on said axles, means to steer said vehicle carried by the frame, means to brake said vehicle carried by the frame, and elements coupling said steering and braking means to said wheels, said elements being arranged to swing substantially about said axes, whereby the swinging movement of the wheels and axles is substantially unrestricted by the elements that couple the steering and braking means to the wheels."

"31. A road vehicle comprising a frame,

a pair of substantially parallel axles supporting one end of said frame, springs interconnecting said axles and frame, said springs being pivoted to the frame between the ends thereof on an axis transverse to the frame and being secured to said axles at their ends whereby the axles are capable of substantial swinging movement about said axis, brake control mechanism on said frame, brake mechanism supported by each axle and means connecting said control mechanism and the brakes of adjacent axles at the same side of the vehicle comprising an equalizing link extending transversely of the frame and pivoted between its ends on an axis that lies substantially in the vertical plane containing said first named axis, and arms of substantially equal length each arm being pivotally connected adjacent one end to an end of said equalizing lever and being connected at its opposite end to the brake mechanism on one of said axles."

The references are: Woods, 884,882, April 14, 1908; Pratt, 888,737, May 26, 1908; Hallner, 1,234,014, July 17, 1917; Sarasin et al., 1,281,847, October 15, 1918; Mustad, 1,332,949, March 9, 1920; Holle, 1,500,320, July 8, 1924; Ford, 1,503,454, July 29, 1924; Rivas, 1,534,810, April 21, 1925; Templin, 1,565,526, December 15, 1925. Wilkinson (Brit.), 183,510, August 3, 1922; French patent, 553,431, February 9, 1923.

The alleged invention is described in the decision of the Board of Appeals as follows:

"This application relates to the construction of an 8-wheeled automobile having two non-dirigible wheels at the rear on each side arranged in tandem and two dirigible wheels on each side at the front arranged in tandem. The axles for both the front and rear wheels of the vehicles are secured between the outer ends of two substantially parallel leaf springs and the springs support the frame by a bracket pivotally connected to them midway between the axles and substantially in alinement with the axles when the vehicle is loaded. There are ball and socket connections between the outer ends of the springs and the axles. The brake actuating means and the steering means are supported in such a manner as to apply the power substantially at the point of pivotal connection between the frame bracket and the springs in order to prevent application of the brakes or interference with the steering gear as the frame moves, due to the spring action when inequalities in the road are encountered."

Certain of the claims of appellant's application were allowed.

While there are a large number of claims here involved, and each claim contains a large number of elements, the questions before us are quite simple and involve but few elements.

Appellant in his brief has divided the claims into four groups, as all of the claims in each group involve the same question.

We will consider each group separately: the first group comprises claims 4, 5, 6, 7, 8, 17, 18, and 21. The element in each of said claims, which appellant contends constitutes invention, is that which provides that the pivot about which the trucks of the vehicle swing shall be placed at a point which is substantially in the plane of the wheel centers.

It is contended by appellant that in the prior art said pivots or trunions were located substantially above said plane, and that a very objectionable fore and aft movement resulted therefrom; that appellant has practically eliminated this objectionable movement by positioning the pivot as above indicated.

This group of claims was, so far as this element is concerned, rejected by the Board upon the references Mustad, Sarasin, and Ford. The disclosures in both the Mustad and Sarasin patents show said pivot placed substantially above the plane of the wheel centers, and it is clear to us that the fore and aft movement above mentioned must result from so positioning the pivot. The Ford reference discloses a railway car in which a pair of wheels are pivotally connected by springs above and below the axles to a suspension frame; here the pivot is placed substantially upon a line with the center of the wheels. It is observed, however, that this pivot is at the end of a transverse spring bolster. While the Board did not consider this a material distinction, we think it should be considered in connection with the fact that a railway car, running over smooth rails, does not meet obstacles which a vehicle running upon the ground meets, and Ford apparently had no purpose or thought or appreciation that the particular location of his pivot would serve any purpose of preventing any fore and aft motion, and there is nothing in the patent to suggest that it would do so.

We do not think that Ford is a proper reference to the element now under discussion.

With respect to the Mustad and Sarasin references, it is conceded that the position of the pivot is substantially higher than shown in appellant's disclosure, but the Board was of the opinion that "it is entirely obvious that the nearer the supports are located to the lines between the axles from the frames, the more this objectionable motion will be eliminated."

This is the crucial question upon this branch of the case. We cannot agree with the Board that this was entirely obvious, and that any skilled mechanic, observing this objectionable motion, would remedy it by placing the pivot where appellant has placed it. At least, there is such substantial doubt concerning it that it should be resolved in appellant's favor.

This conclusion is supported by the fact that three of the references involve a somewhat similar construction to that of appellant, and in each of said patents the pivot is placed at a point substantially above the plane of the center of the wheels. If the desirability of placing the pivot at the point that appellant has placed it was obvious, it would seem that some of the inventors in the prior art would have so placed it.

We hold that the Board of Appeals erred in rejecting this first group of claims.

The next group of claims comprises claims 15, 16, 30, and 31.

These claims were rejected on the French patent to Goodyear, in view of the United States patent to Holle. The Board held that the elements of these claims were disclosed by Goodyear except as to the equalizing link referred to in claim 31, and equivalent descriptions in the other claims of this group. It further held that the reference Holle discloses an equalizer of similar construction, and that it would not involve invention to employ such an equalizer with the structure of the Goodyear patent.

We agree with the conclusion of the Board that this group of claims is not patentable for the reasons stated by it in its decision.

The next claim to be considered is claim 19. This claim is very broad, and was held by the Board to be an unpatentable combination. As to this claim, the Examiner rejected it upon the references Rivas, Woods, and Wilkinson. We have carefully examined these references, and agree that patentability of this claim does not exist either as to any of the elements described therein or in their combination.

The remaining claims are termed by appellant "combination claims." They are claims 11, 23, and 24.

Since we find that claim 8 should be allowed, because of the element of the positioning of the pivot described therein, and as claim 11 incorporates claim 8 as a part of it, we think claim 11 should be allowed.

As to claims 23 and 24, we do not consider that the element of positioning the pivot of the springs (the element found patentable in the first group of claims) is stated therein, and we cannot say that a new and useful result has been produced by the combination of elements stated in said elements. Therefore we find no error in the rejection of claims 23 and 24.

The decision of the Board of Appeals is affirmed as to claims 15, 16, 19, 23, 24, 30, and 31, and is reversed as to claims 4, 5, 6, 7, 8, 11, 17, 18, and 21.